IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MICHIGAN
EASTERN DIVISION

| | |
|---|---|
| **MISTY KALIS,** )<br>)<br>        **Plaintiff,** )<br>)<br>v. )<br>)<br>**G. REYNOLDS SIMS & ASSOCIATES,** )<br>**P.C.,** )<br>)<br>        **Defendant.** ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, MISTY KALIS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, G. REYNOLDS SIMS & ASSOCIATES, P.C., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. MISTY KALIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mt. Pleasant, County of Isabella, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to HSBC Consumer Lending USA, Inc.

6. The debt that Plaintiff originally allegedly owed HSBC Consumer Lending USA, Inc., was for a personal loan, the funds of which were used primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, the debt that Plaintiff originally allegedly owed to HSBC Consumer Lending USA, Inc., was purchased, acquired and/or otherwise obtained by CACH, LLC (hereinafter, "Cach").

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. G. REYNOLDS SIMS & ASSOCIATES, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Michigan.  Defendant is registered as a Professional Corporation in the State of Michigan.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

15. At no time prior to December 5, 2011, did Defendant send Plaintiff a correspondence in an attempt to collect a debt she allegedly owed to Cach.

16. On or about December 5, 2011, Defendant sent Plaintiff a correspondence in an attempt to collect a debt she allegedly owed to Cach. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

17. The correspondence, dated December 5, 2011, was the first correspondence Defendant sent to Plaintiff in an attempt to collect a debt she allegedly owed to Cach.

18. Plaintiff received the correspondence, dated December 5, 2011.

19. Defendant's correspondence to Plaintiff, dated December 5, 2011, was Defendant's initial communication with Plaintiff relative to the debt on which Defendant was attempting to collect.

20. Defendant, in the correspondence, dated December 5, 2011, did not state that unless Plaintiff, within thirty days after receipt of Defendant's correspondence disputed the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant.

21. Defendant is a law firm.

22. Defendant's correspondence, dated December 5, 2011, was signed by an attorney.

23. Defendant's correspondence, dated December 5, 2011, was sent to Plaintiff on Defendant's legal letterhead.

24. Defendant, in the correspondence, dated December 5, 2011, stated "[a]s you may be aware, the above account is under review for possible legal proceedings."

25. Defendant, in the correspondence, dated December 5, 2011, stated "[p]lease review the above information and would you immediately inform us if the above referenced account information is not accurate, or, is in any way misleading as to your alleged account."

26. Defendant, in the correspondence, dated December 5, 2011, stated "[w]e anticipate concluding a legal review of your account file and alleged balance due soon."

27. The account Defendant was referencing in the statements delineated above was the debt Plaintiff allegedly owed to Cach.

28. In the correspondence, dated December 5, 2011, Defendant did not state the amount of the debt Plaintiff allegedly owed relative to the aforesaid account.

29. Defendant's representation to Plaintiff that she was to immediately inform Defendant if the debt on which it was attempting to collect was not accurate or was misleading was unfair and/or unconscionable in light of the fact that Defendant did not inform Plaintiff of the amount of the debt on which it was attempting to collect, thus preventing Plaintiff from making an assessment as to whether Defendant's statements regarding the account Plaintiff allegedly owed were inaccurate.

30. Defendant's representation to Plaintiff that she was to immediately inform Defendant if the debt on which it was attempting to collect was inaccurate was a representation made by Defendant to Plaintiff that was false, deceptive and/or misleading given that Plaintiff had thirty (30) days from Defendant's initial communication with Plaintiff to collect the alleged debt to advise Defendant if she disputed the debt on which it was attempting to collect.

31. Defendant's representations to Plaintiff, in the correspondence dated December 5, 2011, in conjunction with the fact that Defendant is a law firm and its representations were made on behalf of an attorney had the effect of conveying to an unsophisticated consumer that if Plaintiff did not immediately inform Defendant if the debt she allegedly owed was inaccurate then Defendant would conduct a legal review on Plaintiff's file to determine if legal proceedings would be brought against her.

32. Defendant's representation to Plaintiff that if she did not immediately inform Defendant if the debt on which it was attempting to collect was inaccurate then Defendant would conduct a legal review on her file to determine if legal proceedings would be brought against her was a representation made by Defendant to Plaintiff that was false, deceptive and/or misleading given that Plaintiff had thirty (30) days from Defendant's initial communication with Plaintiff to collect the alleged debt to advise Defendant if she disputed the debt on which it was attempting to collect.

33. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

34. On or about January 6, 2011, Defendant sent Plaintiff a correspondence in a further attempt to collect a debt she allegedly owed to Cach. (See a true and exact copy of said correspondence attached hereto as **Exhibit B**).

35. Plaintiff received the correspondence, dated January 6, 2011.

36. Defendant, in the correspondence, dated January 6, 2011, stated the amount of the debt Plaintiff allegedly owed.

37. Defendant, in the correspondence, dated January 6, 2011, for the first time, advised Plaintiff of her right, pursuant to §1692(g) of the FDCPA, to dispute the debt on which Defendant was attempting to collect within thirty (30) days of Defendant's initial communication with Plaintiff to collect the alleged debt.

38. Defendant, in the correspondence, dated January 6, 2011, for the first time, advised Plaintiff of her right, pursuant to §1692(g) of the FDCPA, to request documentation from Defendant to validate the debt on which Defendant was attempting to collect to within thirty (30) days of Defendant's initial communication with Plaintiff to collect the alleged debt.

39. Plaintiff received the correspondence, dated January 6, 2011, more than thirty (30) days after Plaintiff received Defendant's initial correspondence, dated December 5, 2011.

40. In its attempts to collect the debt allegedly owed by Plaintiff to Cach, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

42.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MISTY KALIS, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **MISTY KALIS**

    By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: March 15, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us